United States District Court
Southern District of Texas
**ENTERED**
May 13, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL ACTION NO. H-22-365-1 |
| | § | |
| ABUBAKR AHMED ELAWAD | § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is a motion to reduce sentence filed by defendant under 18 U.S.C. § 3582(c)(2) (Docket Entry No. 50), to which the Government filed a response in opposition (Docket Entry No. 52). Defendant is represented by retained counsel.

Having considered the motion, the response in opposition, the record, and the applicable law, the Court **DENIES** the motion for the reasons shown below.

## I. BACKGROUND

Defendant pleaded guilty to aiding and abetting bank fraud in violation of 18 U.S.C. § 1344, and was sentenced to a thirty-three-month term of imprisonment on June 16, 2023. (Docket Entry No. 48.)

On January 23, 2024, defendant filed the pending motion to reduce sentence pursuant to the zero-point provisions of Part B, Subpart 1 in Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G."). The Government filed a response in opposition on February 25, 2024. No further pleadings were filed by defendant, and the motion is ripe for disposition.

## II. ANALYSIS

Part B subpart 1 created a new section 4C1.1 guideline that provides a decrease of two offense levels for "Zero-Point Offenders"—those with no criminal history points—whose offense did not involve any of the enumerated aggravating factors. U.S.S.G. § 4C1.1. Section 4C1.1 provides as follows:

§ 4C1.1 <u>Adjustment for Certain Zero-Point Offenders</u>

(a)  ADJUSTMENT. —If the defendant meets all of the following criteria:

  (1)  the defendant did not receive any criminal history points from Chapter Four, Part A;

  (2)  the defendant did not receive an adjustment under § 3A1.4 (Terrorism);

  (3)  the defendant did not use violence or credible threats of violence in connection with the offense;

  (4)  the offense did not result in death or serious bodily injury;

  (5)  the instant offense of conviction is not a sex offense;

  (6)  the defendant did not personally cause substantial financial hardship;

  (7)  the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

  (8)  the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and
>
> (10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848;

decrease the offense level determined under Chapters Two and Three by 2 levels.[1]

That is, a defendant is eligible for a two-level offense level reduction if he did not receive any criminal history points *and* does not meet any of the nine aggravating factors. That a defendant did not receive any criminal history points does not, standing alone, warrant relief.

Additionally, and as for all proceedings under 18 U.S.C. § 3582(c)(2), the Court must consider the applicable section 3553(a) sentencing factors and find that a reduction would be consistent with applicable Sentencing Commission policy statements. Section 3553(a) contains several factors for the Court's consideration, including "the nature and circumstances of the offense and the history and characteristics of the defendant," "promot[ing] respect for the law," "afford[ing] adequate deterrence to criminal conduct,"

---

[1] As noted by the Government, a two-level reduction in defendant's case would result in an offense level of 20. An offense level of 20 with a criminal history category of I would carry a recommended sentencing range of 33 to 41 months. Defendant's current thirty-three-month sentence is already at the lowest end of this new range. However, because defendant's current sentence included a downward departure for substantial assistance, the Court has discretion to reduce defendant's sentence based on Sections 1B1.10(b)(2)(A) and (B) of the Guidelines. Were the Court to exercise such discretion, any sentence reduction would remain subject to section 3582(c)(2), which requires the Court to consider applicable section 3553(a) sentencing factors.

"protect[ing] the public from further crimes of the defendant," and "provid[ing] the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a).

In his three-sentence motion for a sentence reduction in this case, defendant, through retained counsel, pleads only the following:

> COMES NOW, ABUBAKR AHMED ELAWAD, and makes his Motion for Sentencing Reduction under 18 U.S. Code § 3582.
>
> This Defendant had zero criminal history points at the time of his sentencing. As such, he requests consideration of the Adjustments for Certain Zero Point Offenders in Sec. 4C1.1 of the revised United States Sentencing Guidelines.

(Docket Entry No. 50.)

Defendant pleads eligibility as to section 4C1.1(a)(1); however, he does not plead eligibility as to the remaining criteria in sections 4C1.1(a)(2) through (a)(10). He further fails to address any applicable sentencing factors. Thus, defendant's motion, standing alone, does not establish entitlement to relief.

Nevertheless, the Government does not argue in its response that defendant is ineligible for a sentence reduction under sections 4C1.1(a)(2) through (a)(10). Moreover, the Government addresses the applicable sentencing factors and argues that they weigh against a sentence reduction in defendant's case. The Court agrees.

In pleading guilty, defendant acknowledged that he stole checks totaling $268,564.05 from the United States mail and cashed them. (Docket Entry No. 25, p. 5.) The PSR

calculated the total loss for which defendant was held accountable for guideline purposes as $902,044.70. (Docket No. 27, ¶ 25.)

The PSR reported that defendant was also involved in five other criminal events between 2019 and 2022, which were not reflected in his criminal history points:

1. On March 2, 2019, defendant was arrested in possession of over 33 grams of marijuana. (Docket Entry No. 27, ¶ 46.) Defendant acknowledged ownership of the contraband, but the charges were dismissed, resulting in no criminal history points for purposes of the instant case.

2. On October 6, 2019, defendant was arrested for stealing from a military post exchange during basic training. *Id.*, ¶ 47. Defendant was not prosecuted or discharged from the military, and no criminal history points were added in the instant case.

3. On August 22, 2021, defendant was arrested for felony evading arrest with a vehicle. *Id.*, ¶ 48. The charges were dismissed because defendant was in federal custody under federal indictment, resulting in no criminal history points in the instant case.

4. On August 22, 2021, defendant was arrested for felony forgery of a financial instrument involving an elderly person. *Id.*, ¶ 49. Defendant knowingly deposited a forged check in the amount of $4,540.02 against the bank account of a 71-year-old victim. *Id.* Defendant also possessed debit cards and PIN numbers belonging to others. *Id.* The charges were dismissed because defendant was in federal custody under federal indictment, resulting in no criminal history points in the instant case.

5. On August 22, 2021, defendant was charged with felony fraud or use/possession of identifying information belonging to others. *Id.*, ¶ 50. The charges were dismissed because defendant was in federal custody under federal indictment, resulting in no criminal history points in the instant case.

Defendant was indicted in the instant case on July 28, 2022, under five counts of conspiracy, bank fraud, possession of stolen mail, and unlawful possession of a postal key (Docket Entry No. 1). He was arrested and made his initial appearance on August 5, 2022, and was released under a pretrial bond on August 11, 2022. Defendant was re-arrested two months later under a bond violator's warrant for failure to refrain from unlawful use of a controlled substance and failure to report law enforcement contact. (Docket Entry No. 24.) The Court ordered defendant to attend a residential substance abuse treatment program with continued pretrial bond supervision. Defendant subsequently entered into a written plea agreement with the Government, pleading guilty to count two of the indictment.

The PSR in this case shows that defendant was raised in a stable two-parent household; he "did not experience any form of abuse, and his basic necessities were provided." (Docket Entry No. 27, ¶ 55.) He attended college and enlisted in the U.S. Army National Guard. *Id.*, ¶¶ 63–64. Prior to his incarceration, he owned and operated a business with his brother. *Id.* ¶ 65. Defendant is not married and has no children. *Id.* Defendant was afforded numerous opportunities to lead a productive life, yet he chose instead to violate the law and prey upon elderly and other law-abiding citizens. The record evinces no explanation for his actions.

At the time of his arrest in the instant case, defendant's criminal activities had been increasing in frequency and seriousness, commencing with possession of marijuana and culminating three years later in felony bank fraud in this case with accountability for a total

loss of $902,044.70. The Court granted defendant a pretrial release bond, but he violated the conditions of his release with further criminal activity. Defendant has served less than a year on his current sentence, and proffers no evidence of any rehabilitative efforts.

The Court has considered the relevant section 3553(a) factors, including the nature and circumstances of the offense; defendant's history and characteristics; and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to provide adequate deterrence, and to protect the public. *See* § 3553(a)(1), (2)(A)–(C). Granting defendant a sentence reduction would not reflect the seriousness of his offense, promote respect for the law, serve as a deterrence to future crimes, or protect the public, and defendant presents no argument to the contrary.

### III. CONCLUSION

For the above reasons, defendant's motion for a sentence reduction (Docket Entry No. 50) is **DENIED**.

Signed at Houston, Texas, on this the 13th day of May, 2024.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE